## MATHER *v.* AMERICAN EXPRESS CO.

*(Circuit Court, N. D. Illinois. ———, 1880.)*

COMMON CARRIER—LIMITATION OF LIABILITY—REFUSAL TO DISCLOSE
VALUE OF GOODS.—A statute of the state of Illinois, which prohibits
a common carrier from limiting its common law liability, does not pre-
vent such carrier from limiting its liability where the shipper refused
to inform the carrier of the value of the goods at the time they were
shipped.

BLODGETT, D. J.   This case was tried by the court without a
jury, upon an agreed state of facts, the facts being, in sub-
stance, that a package containing two gold watches and five
gold chains, and worth something over $500, was delivered to
the agent of the Southern Express Company, at Bethany,
Georgia, directed to the plaintiff in this city.   The Southern
Express Company accepted the package and forwarded it to
Cairo, in this state, where it was delivered to the American
Express Company, who undertook its transportation to this
city, the Southern Express Company not running to this point.

No value was marked upon the package.   The receipt given
to the consignor stated, "Value asked but not given."   The
package was lost after arriving in this city, by theft, by reason
of its not having been treated as a valuable package and
placed in the safe where it would have been placed if its true
value had been marked upon it.

Suit is brought by the plaintiff, and the question is as to
the extent of the recovery to which he is entitled.   The
defendant admits that it is liable to the amount of $50, there
being a provision in the receipt given for this package that
where the value of a package is not stated or disclosed to the
company the liability should be limited to $50.   The plain-
tiff insists that the case comes within the provisions of the act
of 1874* of the legislature of Illinois, which prohibits any

* "Whenever any property is received by a common carrier to be trans-
ported from one place to another, within or without this state, it shall
not be lawful for such carrier to limit his common law liability safely to
deliver such property at the place to which the same is to be transported
by any stipulation or limitation expressed in the receipt given for such
property."   Rev St. of Ill. (1874) c. 27, p. 268

common carrier from limiting its liability. I do not think, in the first place, that this case comes within that provision, because this was a contract of carriage made in the state of Georgia, and the parties could make any contract which the laws of the state of Georgia permitted them to make, and the laws of that state allowed a carrier to limit his liability. *Wallace* v. *Superintendent,* 39 Ga. 617. But, waiving the question as to whether this contract is to be construed by the laws of Georgia or Illinois, I do not think that the statute of Illinois intended that a common carrier should be prevented from limiting its liability where it asked for the value of the commodity of which it undertook the transportation, and the information requested is withheld. It seems to me that is one of those reasonable precautions which a common carrier has a right to demand; and where a sealed or closed package is presented, and the value is asked, and the consignor refuses to disclose it, the carrier has a right, it seems to me, to limit its liability to a fixed sum, and say that it will undertake the transportation on the assumption that it is not worth over a certain sum. It seems to me competent for a common carrier, under the Illinois statute, to require a shipper of goods to state the value which he puts upon them, and to stipulate that in case of loss the liability of the carrier shall not exceed the amount so fixed; and if this can be done, I can see no good reason why the carrier may not say that when the shipper refuses to disclose the value the liability of the carrier should not exceed a certain amount. This is equivalent to a special agreement between the parties that, for the purpose of the contract of carriage, the value of the goods is fixed at $50. The facts in this case show that the sender of the package was in the habit of shipping packages by the Southern Express Company, and this clause restricting liability to $50, where the value was not disclosed, was in all their receipts given for packages taken for shipment, and must have been known to him. The contract which was given to him by the agent stated that the value was asked but not given.

It is true the package was marked "watches," but the

values of watches vary so widely that no presumption that the value of the shipment exceeded $50 is raised by the statement of its contents. I must therefore assume that the consignor was content to accept the sum of $50 as the equivalent of the contents of this package, if it was lost in transit. True, the proof shows it to have been worth more than that, but it also shows that the charges of the carrier were regulated by the values, and that there was a difference in the care taken of packages when the value was stated and those on which no value was stated; and it seems to me so reasonable that a carrier should be entitled to know the value of property which it undertakes to transport, that I cannot believe the legislature of Illinois intended to prohibit the limitation of liability made by this contract, when the consignor refused to disclose the value.

The issue is found for the plaintiff, and damages assessed at $50; and plaintiff must recover costs, as this suit originated in the state court, and was removed to this court by defendant.

NOTE.—See *Muser* v. *American Express Co.* 1 FED. REP. 382.